**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Empire Fire and Marine Insurance Company, | No. CV-26-00033-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Rami Mohamed Reda J Wandan, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 31). Defendants did not respond. The Court will grant the Motion.

**I.**

This is a declaratory judgment action arising from a motor vehicle accident involving Defendants. One of the Defendants, Mohamed Alzubidi, rented a vehicle from a non-party car rental company and elected supplemental liability insurance coverage. Plaintiff provided the insurance policy to the rental company.

While driving the rented vehicle, Alzubidi collided with a vehicle occupied by the other Defendants. Those Defendants sued Alzubidi and the rental company in Arizona Superior Court.

Plaintiff initiated this action seeking a declaration concerning coverage under the rental agreement and the supplemental liability insurance policy.

All Defendants were served. Except for Alzubidi, all Defendants appeared and answered the Complaint. The Clerk of Court entered default against Alzubidi.

The answering Defendants—and their counsel—failed to complete drafting the Rule 26(f), Fed. R. Civ. P., joint report. And they—and their counsel—failed to attend a court hearing that combined the Rule 16 scheduling conference, oral argument on the Motion to Stay filed by the answering Defendants, and an order to show cause arising from the answering Defendants' failure to cooperate in drafting the joint report. As a sanction, the Court ordered their Answers stricken and directed the Clerk of Court to enter default.

The present Motion followed. No Defendant challenged the order striking their Answers or the entry of default, by way of reconsideration or otherwise. No Defendant responded in opposition to the Motion for Default Judgment.

## II.

The Court has reviewed the Motion for Default Judgment and the entire record. Jurisdiction and venue are proper. The Court also finds that Plaintiff has satisfied all service of process and notice requirements under the Federal Rules of Civil Procedure. Plaintiff has also satisfied the conditions for the entry of default and the entry of default judgment under Rule 55(a) and (b).

The Court also considers the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). These factors, which are to be assessed when deciding whether default judgment is appropriate, include:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

The first, fourth, fifth, and sixth factors weigh in Plaintiff's favor. Denying default judgment would leave Plaintiff without a remedy because (1) Defendant Alzubidi chose not to appear and defend this case and (2) the other Defendants have abandoned their defense. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The fourth factor supports default judgment because Plaintiff does not seek any monetary

damages. (Doc. 1 ¶¶ 47-53.)  The fifth factor also supports default judgment because "all well-pleaded facts in the complaint are taken as true . . . [therefore] no genuine dispute of material facts would preclude granting" the motion. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Additionally, the sixth factor warrants entering default judgment because Defendants were properly served under Federal Rule of Civil Procedure 4(e). (Doc. 31 at 4.) *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

As the Federal Rules of Civil Procedure favor a decision on the merits, the seventh factor generally weighs against default judgment, but the existence of Rule 55(b) "indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 THE., 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). This factor is not sufficient on its own to preclude an entry of default judgment.

The second and third *Eitel* factors, the merits of the claim and the sufficiency of the complaint, are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Viet. Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). The Court finds these factors satisfied. According to the Complaint's well-pleaded allegations, and reasonable inferences drawn from them, Defendants conspired to manufacture a claim against the rental car company's supplemental liability policy. It appears that Alzubidi intentionally collided the rental vehicle with the vehicle occupied by the other Defendants. A story involving a third vehicle impacting Alzubidi's was told to the insurance investigator which, based on an investigation of the rented vehicle, does not appear accurate. Litigation is now pending in Arizona Superior Court involving the Defendants and the car rental company, and Plaintiff is entitled to a judicial declaration as to the scope of its liability under the applicable contracts.

After analyzing the *Eitel* factors, the Court finds that Plaintiff is entitled to a default

judgment. Based on the well-pleaded Complaint allegations, the Court finds that Plaintiff is entitled to its requested declaratory relief.

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment Against All Defendants (Doc. 31) is **GRANTED**. Plaintiff is entitled to a judicial declaration as follows:

(1)    Plaintiff owes no duty to defend and owes no duty to indemnify Defendant Alzubidi in connection with the claims asserted by Defendants Rami Mohamed, Reda Wandan, Zaid M. Wandan, Dana Alhayek, and/or Amro Wandan.

(2)    Any potential coverage afforded under the Empire Fire and Marine Insurance Company Policy or the Enterprise Leasing Company of Phoenix LLC Rental Agreement is limited to the mandatory minimum financial responsibility limit applicable to rental-car companies.

**IT IS FURTHER ORDERED** that Plaintiff may pursue taxable costs and attorneys' fees in a manner consistent with applicable law.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter a final judgment consistent with this Order and close this case.

Dated this 30th day of July, 2026.

Michael T. Liburdi
United States District Judge